## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAVEL MARKEVICH et al., | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. CIV-26-767-J |
| FRED FIGUEROA et al., | ) ) | |
| Respondents. | ) | |

## ORDER TO CURE DEFICIENCIES AND DENIAL OF MOTION TO PROCEED AS NEXT FRIEND

The Court is in receipt of Petitioners' tendered documents in the above-referenced matter. The documents are deficient in the areas indicated below:

**X**   Petitioners have not submitted the petition on the proper form.

**X**   Petitioner Pavel Markevich has not signed the petition.

Tatsiana Markevich states that she is filing the petition as "'Next Friend' on behalf of her husband, Pavel Markevich," who is detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *See* Doc. 1, at 1-2. She requests the Court's permission to proceed as Mr. Markevich's next friend due to his detention in a "restrictive environment." Doc. 2, at 2.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. A "next friend" may pursue relief on behalf of

a detained person who is unable to seek relief on his own. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). To pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* at 165; *see also Williams v. Boone*, 1999 WL 34856, at *5 (10th Cir. 1999) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."); Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, advisory committee note to 2004 amendments ("The Committee envisions that the courts would apply [the] . . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (rejecting father's attempt to act as next friend when he failed to show how his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to

communicate with the district court"); *Williams*, 1999 WL 34856, at *5 (holding that "a next friend applicant must explain why the detainee did not sign and verify the petition, and if he cannot do so, the court is without jurisdiction to consider it" (internal quotation marks omitted)).

While Ms. Markevich clearly has a significant relationship with Mr. Markevich as his spouse, she fails to demonstrate that Mr. Markevich cannot pursue relief on his own. His mere status as a detainee is not sufficient to satisfy this burden. The Court therefore DENIES Ms. Markevich's motion to proceed as Mr. Markevich's next friend. The Court directs the Clerk of Court to strike Ms. Markevich's name from the docket sheet as a Petitioner in this matter.

The Court **ORDERS** Petitioner Pavel Markevich to fill out, sign, and file an amended petition on or before **April 29, 2026**.[1] Failure to comply with this Order may result in the dismissal of this action. The Court directs the Clerk of the Court to send Petitioner Pavel Markevich the forms necessary to comply with this order.

---

[1]   Mr. Markevich need not attach any exhibits to his amended petition. The Court will take into consideration the exhibits already filed with the original petition.

**SO ORDERED** this 15th day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE