**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

PAVEL MARKEVICH,                          )
                                          )
                    Petitioner,           )
                                          )
v.                                        )        Case No. CIV-26-767-J
                                          )
FRED FIGUEROA, WARDEN                     )
DIAMONBACK CORRECTIONAL                   )
FACILITY, et al.,                         )
                                          )
                    Respondents.          )

## ORDER

Petitioner Pavel Markevich, a citizen of Belarus, is currently in the custody of Immigration & Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing [Doc. No. 11]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 21] recommending that the Court: (1) grant, in part, the petition by (a) ordering Respondents to immediately release Petitioner from custody subject to the same conditions that governed his earlier release and ordering that the Government may not re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker, where the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community or (b) ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) where the Government bears the burden of proving, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention, and (2) order Respondents to certify compliance by filing a status report within ten business days of the Court's order. Respondents filed a timely Objection [Doc. No. 22], triggering de novo review as to the portions of the Report and Recommendation to

which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Belarus who entered the United States on or about January 7, 2023. At some point, the Department of Homeland Security (DHS) issued a Notice to Appear, placed Petitioner into removal proceedings, and released him on his own recognizance. In February 2023, Petitioner filed an application for asylum. On March 20, 2026, Petitioner reported for his annual check-in, and ICE detained him. Petitioner's removal proceedings appear to be ongoing.

In their objection, Respondents do not contest the Report and Recommendation's conclusion that the Court should order the Government to provide Petitioner with a bond hearing in accordance with the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. 2026). Respondents, however, do object to the Report and Recommendation's contention that a bond hearing is required as a matter of constitutional law, the recommendation that Petitioner be immediately released, and the recommendation that if the Court determines a bond hearing is the appropriate remedy, the Government should bear the burden of proof by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention.

In light of Respondents' concession that Petitioner should be provided with a bond hearing in accordance with Tenth Circuit law, the Court declines to address the issue of whether a bond hearing is required as a matter of constitutional law. The Court further finds that the appropriate remedy in this case is for Petitioner to be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. With respect to Respondents' objection to Judge Mitchell's recommendation that the Government should bear the burden of proof at the hearing, the Court concludes a ruling on the burden of proof is premature and not fit for adjudication at this stage. A

claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)). At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework. Accordingly, the Court declines to issue an advisory opinion instructing the Immigration Judge to apply a particular burden of proof. *See Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023) (declining to prospectively order Immigration Judge to adhere to specific burden of proof at bond hearing); *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. 2019).

Accordingly, the Court ADOPTS IN PART the Report and Recommendation [Doc. No. 21] and GRANTS Petitioner's Petition for Writ of Habeas Corpus in part as follows: Respondents are ordered to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days or otherwise release Petitioner if he has not received a hearing within that period. Respondents shall certify compliance within ten (10) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 30th day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

3